**FILED
CLERK**
11/24/2015 9:34 am

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TRUSTEES of the SHEET METAL WORKERS' NATIONAL PENSION FUND; TRUSTEES of the NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY; TRUSTEES of the SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST; TRUSTEES of the INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY; TRUSTEES OF THE SHEET METAL WORKERS INTERNATIONAL ASSOCIATION SCHOLARSHIP FUND AND TRUSTEES of the NATIONAL STABILIZATION AGREEMENT OF THE SHEET METAL INDUSTRY FUND,

                        Plaintiffs,

    -against-

METROPOLITAN CONSTRUCTION SYSTEMS, INC., METROPOLITAN ROOF SYSTEMS, INC., AND THOMAS MARTIN, AS AN INDIVIDUAL,

                       Defendants.
-----------------------------------------------------------------x

**ADOPTION ORDER**
15-CV-0314(ADS)(AYS)

**APPEARANCES:**

**Jeffrey S. Dubin, Esq.**
*Attorney for the Plaintiffs*
464 New York Avenue, Suite 100
Huntington, NY 11743

**NO APPEARANCES:**

**The Defendants**

1

**SPATT, District Judge:**

On January 21, 2015, the Plaintiffs Trustees of the Sheet Metal Workers' National Pension Fund; Trustees of the National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry; Trustees of the Sheet Metal Occupational Health Institute Trust; Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry; Trustees of the Sheet Metal Workers International Association Scholarship Fund; and Trustees of the National Stabilization Agreement of the Sheet Metal Industry Fund (collectively, the "Plaintiffs") commenced this action against the Defendants Metropolitan Construction Systems, Inc., Metropolitan Roof Systems, Inc., and Thomas Martin, in his individual capacity (collectively, the "Defendants"), under Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132 *et seq.*, to recover unpaid fringe benefit contributions and related damages.

On March 16, 2015, the Clerk of the Court noted the Defendants' default.

On March 19, 2015, the Plaintiffs moved for a default judgment.

On March 20, 2015, this Court referred the matter to United States Magistrate Judge Anne Y. Shields for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorneys' fees and costs.

On October 2, 2015, Judge Shields issued a Report and Recommendation (the "R&R"), recommending that the Plaintiffs' motion for a default judgment be

granted, and that the Defendants be held jointly and severally liable for the following damages: (i) unpaid contributions in the amount of $5,683.58; (ii) liquidated damages in the amount of $1,136.72; (iii) attorneys' fees in the amount of $2,190; and (iv) litigation costs in the amount of $660, for a total award of $9,670.30.

With respect to interest on the unpaid contributions, Judge Shields found that the documentary evidence submitted by the Plaintiffs failed to establish the 8.5% annual interest rate sought. In particular, Judge Shields found that the applicable collective bargaining agreements and related trust agreements contained varying and inconsistent provisions relating to the rate at which prejudgment interest accrues on unpaid contributions. Accordingly, on the record before her, Judge Shields recommended that the Plaintiffs' request for prejudgment interest be denied without prejudice to renew upon submission of additional supporting documentation.

Further, Judge Shields questioned the reasonableness of the Plaintiffs' request for reimbursement of $1,470, which was allegedly spent in May 2012 to conduct an audit that revealed then-outstanding contributions of only $152.25. Moreover, Judge Shields noted that the Plaintiffs had failed to supply documentation sufficient to demonstrate the billing rates and hours actually expended on the subject audit. Accordingly, Judge Shields recommended also denying without prejudice this aspect of the Plaintiffs' motion, again with leave to renew upon the submission of additional supporting documentation.

Judge Shields further discussed whether the Plaintiffs should be awarded certain pre-litigation liquidated damages, which the Plaintiffs had characterized as "late fees." Initially, with respect to the portion of these damages relating to June 2008, Judge Shields found them to be outside the applicable six-year statute of limitations. She recommended denying as untimely this portion of the motion. As to the remaining pre-litigation liquidated damages, Judge Shields noted that the applicable trust agreements contained varying and inconsistent provisions relating to the manner in which they are to be assessed. The court further found, as a matter of contract law, that the Plaintiffs' supporting documentation was insufficient to demonstrate that these damages were not an unenforceable penalty. See R&R at 18-19 (noting that the Plaintiffs had failed to satisfactorily establish either portion of two-prong test for determining the enforceability of a liquidated damages provision in a labor agreement). Accordingly, Judge Shields recommended that the branch of the Plaintiffs' motion seeking an award of such damages also be denied without prejudice and with leave to renew upon the submission of additional supporting documentation.

On October 7, 2015, the Plaintiffs filed proof of service of the R&R on the Defendants.

More than fourteen days have elapsed since service of the R&R on the Defendants, each of whom has failed to file an objection. Nor have the Plaintiffs submitted any additional proof.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the October 2, 2015 Report and Recommendation is adopted in its entirety, and the Plaintiffs' motion for a default judgment is granted. The Clerk of the Court is respectfully directed to enter judgment in favor of the Plaintiffs in the amount of $6,820.30, plus legal fees of $2,190 and costs of $660, and to close the case.

It is **SO ORDERED**

Dated: Central Islip, New York
November 24, 2015        /s/ Arthur D. Spatt
                         ARTHUR D. SPATT
                         United States District Judge